IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMIRA KAADY, Personal Representative        CV. 06-1269-PK
of the ESTATE OF FOUAD KAADY, et al.,

                                        OPINION AND ORDER

                         Plaintiffs,

v.

CLACKAMAS COUNTY, et al.,
                         Defendants.

_____

PAPAK, Magistrate Judge:

This is an action for money damages under 42 U.S.C. § 1983 and Oregon law against

David Willard, a law enforcement officer involved in the shooting death of Fouad Kaady and

Clackamas County, his employer. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331,

1343 and 1367. Plaintiffs' motion to to file a first amended complaint (#190) is now before the

court. Plaintiffs' motion is granted in part and denied in part, for the reasons set forth below.

OPINION AND ORDER – PAGE 1

## BACKGROUND

**I.    Relevant Procedural History**

This case initially involved another officer, William Bergin and his employer, the City of Sandy, in addition to David Willard and Clackamas County.  The original complaint alleged that both officers violated Kaady's Fourth Amendment rights.  The complaint, however, did not allege that Willard supervised Bergin or was otherwise responsible for Bergin's actions.  The complaint did, however, assert municipal liability under 42 U.S.C. § 1983 against the City of Sandy and Clackamas County.  The complaint also included a state wrongful death claim.

On November 26, 2008, the court ruled on defendants' motions for summary judgment.  The court partially granted the individual officers' motions for summary judgment, finding that Bergin was not entitled to qualified immunity on the Fourth Amendment claim arising out of his use of a Taser, that Willard was entitled to qualified immunity for his Taser use, and that questions of fact remained regarding the Fourth Amendment deadly force claim against both officers.  *Kaady v. City of Sandy*, No. 06-269, 2008 U.S. Dist. LEXIS 96626, at *66-72 (Nov. 26, 2008).  The court further held that neither officer was a proper defendant in the state law wrongful death claim.  The court also partially granted the City of Sandy and Clackamas County motions for summary judgment, finding that they were entitled to summary judgment on the 42 U.S.C. § 1983 claims but that questions of fact remained regarding the state law wrongful death claim.

The court's ruling also granted defendants' motions for summary judgment on the claims brought by plaintiffs Rachid, Vania and Andrea Kaady, leaving only one plaintiff, Samira Kaady in her capacity as personal representative of Kaady's estate.  The defendants argued in part that

plaintiffs had not plead a substantive due process cause of action for the loss of their son. Although plaintiffs' counsel referred to an amended complaint during oral argument on the substantive due process issue, plaintiffs had not filed an amended complaint before the defendants moved for summary judgment. The court ultimately ruled that the complaint did not allege a substantive due process cause of action and so did not reach the merits of a substantive due process claim.

Following the court's ruling on summary judgment, William Bergin filed an interlocutory appeal. Plaintiffs filed a motion to certify the appeal as frivolous. The court denied the motion on January 20, 2009 and stayed proceedings pending the outcome of the appeal. In early June 2009, Bergin voluntarily dismissed his appeal.

In mid-June, plaintiffs settled with Bergin and the City of Sandy. Plaintiffs then filed a motion to lift this court's stay of proceedings. After a status conference on June 30, 2009, the court lifted the stay and set the matter for trial in April 2010. The plaintiffs filed the present motion to amend on July 28, 2009.

## II.    Effort to Meet and Confer

Plaintiffs' motion certifies that plaintiffs' counsel sent a draft of the amended complaint to the defendants' local counsel, who objected, and that counsel also sent a draft to defendants' new attorneys specifically for comment. Plaintiffs' counsel sent an email to two of the new attorneys one day before she filed the motion. One of those attorneys now contends that she did not receive the amendment in time to review it because she was away from her office, and that plaintiffs' counsel knew that but proceeded to file the motion.

III.    **The Proposed Amended Complaint**

The proposed amended complaint removes parties, eliminates claims that the court or parties have dismissed, changes several factual allegations, and adds two new claims. The amended complaint includes three claims for relief under 42 U.S.C. § 1983 and a state wrongful death claim. The First Claim for Relief asserts a Fourth Amendment violation based on the allegation that Bergin unlawfully used his Taser against Kaady after Willard "took control and command of the situation." During oral argument, plaintiffs confirmed that the first claim is a new supervisory liability claim against Willard. The Second Claim for Relief alleges a Fourth Amendment violation arising out of Willard's unconstitutional use of deadly force. The Third Claim for Relief is a new Fourteenth Amendment substantive due process claim, brought by the estate of Fouad Kaady and by Fouad's parents, Samira and Rachid Kaady. The state wrongful death claim is the Fourth Claim for Relief. The complaint names both Willard and Clackamas County as defendants in the state law claim.

## LEGAL STANDARD

A party may amend a pleading once as a matter of course before being served with a responsive pleading or within 20 days after serving the pleading but thereafter may only amend by consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is within the discretion of the trial court, but that discretion "should be guided by the underlying purpose of Rule 15(a) which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (citation omitted). "A district court may, however, take into consideration such factors as bad faith, undue delay, prejudice to the

opposing party, futility of the amendment, and whether the party has previously amended his

pleadings." *Id.* (citation omitted).  "An outright refusal to grant leave to amend without a

justifying reason is . . . an abuse of discretion." *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

519 F.3d 1025, 1034 (9th Cir. 2008) (citation omitted).

## DISCUSSION

**I.      Meet and Confer Requirement – Local Rule 7.1**

Before a movant files a motion with the court, L.R. 7.1(a) requires that the movant certify

that "the parties made a good faith effort . . . to resolve the dispute and have failed to do so."

L.R. 7.1(a)(1)(A).  The remedy for a violation of L.R. 7.1(a) is denial of the motion, and the

remedy's dispensation lies within the district court's discretion.  *See* L.R. 7.1(a) ("The court *may*

deny any motion that fails to meet this certification requirement."); *Taylor v. West Oregon Elec.*

*Co-op, Inc.*, No. 03-1311, 2005 U.S. Dist. LEXIS 27825, at *3 (D. Or. Oct. 21, 2005) (refusing

to deny a motion where the movant failed to confer); *Bracey v. United States*, No. 99-391, 1999

U.S. Dist. LEXIS 20890, at *2 (D. Or. Nov. 30, 1999) ("[S]trict application of L.R. 7.1(a) would

be neither economical nor beneficial.").  A court should consider whether the failure to confer

has prejudiced the non-movant and whether the conference would have been futile.  *See Beck v.*

*Howard*, No. 03-984, 2005 U.S. Dist. LEXIS 46676, at *1 (D. Or. May 26, 2005) (reducing

attorney fees to alleviate prejudice due to non-compliance with L.R. 7.1(a)); *Taylor*, 2005 U.S.

Dist. LEXIS 27825, at *3 (refusing to deny a motion when a L.R. 7.1(a) conference would have

been futile).

Here, defendants argue that the court should deny the motion to amend on the ground that

plaintiffs' counsel failed to meet and confer as required by Local Rule 7.1.  I find this argument

unpersuasive. First, plaintiffs' counsel conferred with local defense counsel regarding this issue. Second, plaintiffs' counsel sent an email to two of defendants' pro hac vice counsel, only one of whom was on vacation. Moreover, even assuming that plaintiffs' counsel did not comply with Local Rule 7.1, defendants did not apparently suffer any prejudice. I therefore find no reason to deny plaintiffs' motion to amend on Rule 7.1 grounds.

## II.    Merits of the Motion to Amend

A district court may deny a motion for leave to amend a pleading only "if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts do not favorably review "[l]ate amendments to assert new theories . . . when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action," *Royal Ins. Co. v. Southwest Marine*, 194 F.3d 1009, 1016-1017 (9th Cir. 1999) (citation omitted). Delay alone, however, is an insufficient basis to deny leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Rather, "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

The party opposing the motion to amend bears the burden to establish prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,187 (9th Cir. 1987). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed

motion to amend the complaint." *Lockheed Martin Corporation v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (upholding denial of leave to amend where plaintiff sought to amend the complaint after the stipulated deadline to amend, failed to explain the delay, and amendment would require discovery concerning new factual allegations).

In addition, a court may deny a motion to amend "if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A proposed amendment is futile, however, only if the party can prove no set of facts that would constitute a valid and sufficient claim or defense. *Id.* A complaint is legally sufficient if "the non-conclusory factual content, and reasonable inferences from that content, [are] plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969-970 (9th Cir. 2009), citing *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

### A.    Substantive Due Process Claim

"The Fourteenth Amendment's Due Process Clause extends only to those governmental actions that deprive one of a life, liberty or property interest of constitutional magnitude." *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 370 (9th Cir. 1998). [A] parent has a constitutionally protected liberty interest in the companionship and society of his or her child." *Ward v. San Jose*, 967 F.2d 280, 283 (9th Cir. 1992). Thus, parents may assert a Fourteenth Amendment claim for deprivation of a liberty interest arising out of their relationship to their son or daughter. *Moreland*, 159 F.3d at 371.

"[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). "The standard for

showing a Fourteenth Amendment substantive due process violation is "quite demanding . . .

"only the most egregious official conduct can be said to be arbitrary in the constitutional sense

and therefore a violation of substantive due process." *Stoot v. City of Everett*, No. 07-35425,

__ F.3d __, 2009 U.S. App. LEXIS 20862, at *51-52 (9th Cir. Sept. 18, 2009) (citing *County of*

*Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).  A Fourteenth Amendment claim is cognizable

only if the alleged abuse of power "shocks the conscience" and "violates the decencies of

civilized conduct." *Lewis*, 523 U.S. at 846.  Moreover, in a § 1983 suit for damages, when a

court can analyze a plaintiff's claim under an "explicit textual source of rights in the

Constitution," the court "should not resort to the more subjective standard of substantive due

process." *Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir. 2001).

   In claims arising from the killing of an individual by law enforcement officers, whether

the officers' conduct "shocks the conscience" turns on whether "the circumstances are such that

actual deliberation is practical." *Moreland*, 159 F.3d at 372.  Thus, in the context of a high-

speed chase, "only a purpose to cause harm unrelated to the legitimate object of arrest" will

satisfy the element of conduct that shocks the conscience. *Bingue v. Prunchak*, 512 F.3d 1169,

1174 (9th Cir. 2008).  The same intent to harm standard also applies to officers who act during a

"rapidly escalating" confrontation. *Porter v. Osborn*, 546 F.3d 1131, 1136 (9th Cir. 2008).

Where officers have time to deliberate, however, then their conduct shocks the conscience if it

amounts to "deliberate indifference." *See Lee v. City of Los Angeles*, 250 F.3d 668, 684 (9th Cir.

2001) (plaintiffs sufficiently alleged a due process violation when they asserted that officers had

ample time to correct their mistaken arrest and two-year detention of a mentally incapacitated

individual).

OPINION AND ORDER – PAGE 8

Here, defendants argue that the motion to amend to add a substantive due process claim is untimely because it came after the court's ruling on summary judgment and futile because plaintiffs cannot establish that the officers acted with an intent to cause harm. In addition, defendants assert that the motion seeks to avoid the court's adverse summary judgment decision on the substantive due process claim. Defendants also argue that they will suffer undue prejudice as a result of the amendment because discovery is now closed.

In support of their argument, defendants cite several cases where a plaintiff moved to amend the complaint to add a new theory after the court dismissed the case against a party and the plaintiff already had ample opportunity to amend. *Royal Ins. Co.*, 194 F.3d at 1016-1017 (upholding denial of leave to amend where, after district court granted summary judgment to the defendant, the plaintiff moved to file a third amended complaint alleging new tort theories that the plaintiff was aware of since the inception of the case); *see Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982) (upholding denial of leave to amend where plaintiff sought an amendment to clarify his conspiracy allegations after the trial court granted a motion to dismiss and where, even reading the complaint broadly, it failed to establish standing); *see also Swanson v. United States Forest Serv.*, 87 F.3d 339, 343, 345 (9th Cir. 1996) (plaintiff sought to amend its Clean Water Act claim six weeks after the court dismissed the claim with leave to amend and four days after the dispositive motion deadline).

I find the cases that defendants rely on unpersuasive because they are factually dissimilar to the situation here regarding plaintiffs' new substantive due process claim. Unlike the plaintiffs in *Swanson*, plaintiffs did not unduly delay in bringing a motion to amend after the ruling that their original complaint was deficient. Rather, they moved to amend within one month after I

lifted the stay that remained pending the outcome of Bergin's appeal. Moreover, unlike the situation in *Royal Insurance Company* and *Stein*, plaintiffs' amendment does not come after a ruling dismissing all the claims but instead seeks to add a claim to the other causes of action that survived summary judgment.

More importantly, even assuming that plaintiffs unduly delayed the motion to amend, defendants have not established that they will suffer undue prejudice. The state wrongful death claim, which was in the complaint from the beginning, allows the plaintiffs to recover for the loss of companionship of their son. Thus, defendants knew the parents' loss was at issue at a time when they could still conduct discovery. In addition, defendants have deposed Samira and Rashid Kaady once already.[1] Moreover, although defendants assert that they need to conduct discovery regarding plaintiffs' allegation that Willard acted with intent to harm, I do not foresee that further discovery will jeopardize the trial date. Moreover, given that I have already found several questions of fact remain regarding the circumstances of the shooting, further dispositive motions are unlikely. I therefore decline to deny plaintiffs' motion to amend on grounds of undue delay and prejudice.

I also find that the parents' substantive due process claim allegations are not futile. The non-conclusory factual content in the proposed amended complaint states that Kaady was unarmed, naked, dazed and severely injured, that he did not threaten the officers or try to run from the area, and that Willard fired at him three times, hitting Kaady twice, once in his posterior. While this version of the facts is highly contested, the facts as alleged plausibly suggest an intent to cause harm beyond a reasonable law enforcement objective.

---

1  I note that plaintiffs' counsel inappropriately provides this factual information in her reply brief on the motion to amend, rather than in a sworn affidavit. I construe her brief as sworn testimony.

OPINION AND ORDER – PAGE 10

The proposed amendment is futile, however, to the extent that plaintiffs also seek to allege a Fourteenth Amendment substantive due process claim on behalf of Fouad Kaady's estate. As noted in this court's ruling on defendants' motions for summary judgment, Samira Kaady, as the personal representative of Fouad Kaady, can pursue an action for damages arising out of defendants' alleged violations of Fouad's Fourth Amendment rights. *Kaady*, 2008 U.S. Dist. LEXIS 96626, at *41. Thus, the estate's claim has the Fourth Amendment as its "explicit textual source of rights in the Constitution" and, as a result, the estate may not "resort to the more subjective standard of substantive due process." *Hufford*, 249 F.3d at 1151 (citation omitted).

**B.      Fourth Amendment Supervisory Liability**

Supervisory liability under § 1983 requires either personal involvement in the constitutional deprivation or a "sufficient causal connection between the supervisor's conduct and the constitutional violation." *MacKinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995). Thus, a supervisor can be liable "for his own culpable action or inaction in the training, supervision or control of subordinates; for his acquiescence in the constitutional deprivation . . . or for conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991). To succeed on a claim of supervisory liability, a plaintiff must establish that the defendant was directly responsible for overseeing the performance of the wrongdoer. *See id.* at 645-646; *see also Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991).

Here, the First Claim for Relief in the proposed amended complaint alleges that Kaady "was wrongfully tasered by Bergin after Defendant Willard took control and command of the

OPINION AND ORDER – PAGE 11

situation" and thus asserts that Willard is responsible as a supervisor for Bergin's unlawful use of the Taser. Although the parties did not address prejudice to the defendants and delay in their briefing, they discussed those issues at oral argument. Plaintiffs have long been aware of the factual basis for this claim. In addition, both parties agreed that the addition of this claim would lead to a dispositive motion or motions on whether Willard is entitled to qualified immunity for his actions as a supervisor. Moreover, if Willard does not prevail in a motion for summary judgment on qualified immunity, he could file an interlocutory appeal, which could significantly delay these proceedings. I find that these circumstances demonstrate that the proposed new Fourth Amendment supervisory liability claim against Willard will cause undue prejudice and delay the proceedings. Plaintiffs have conceded as much and indicated that they will stipulate to remove the amended complaint's First Claim for Relief. I therefore deny as moot plaintiffs' motion to amend to the extent that it seeks to add a new Fourth Amendment supervisory liability claim against Willard.

### C.    State Wrongful Death Claim

Under the Oregon Tort Claims Act, a plaintiff harmed by a municipal officer's wrongful conduct in the course of his employment must name the municipality, not the individual officer, as the defendant. Or. Rev. Stat. § 30.265(1) (2007); *Jensen v. Whitlow*, 334 Or. 412, 422, 51 P.3d 599 (2002). This court accordingly ruled on summary judgment that Willard is not a proper defendant in plaintiffs' state law wrongful death claim. Although plaintiffs appear to concede as much, the complaint names both Willard and Clackamas County as defendants in the wrongful death claim. I therefore deny plaintiffs' motion to amend to the extent that it names Willard as a defendant in the Fourth Claim for Relief for wrongful death.

**CONCLUSION**

Plaintiffs' motion to amend (#190) is granted in part and denied in part.  Plaintiffs' motion is denied to the extent that the proposed amended complaint contains a Fourteenth Amendment substantive due process cause of action brought by Fouad Kaady's estate and to the extent that it names Willard as a defendant in the state wrongful death claim.  Plaintiffs' motion is denied as moot to the extent that it seeks to add a new First Claim for Relief alleging Fourth Amendment supervisory liability claim against Willard.  Plaintiffs may file an amended complaint consistent with this opinion.


IT IS SO ORDERED.

Dated this 29th day of October, 2009.


  /s/ Paul Papak_____
Honorable Paul Papak
United States Magistrate Judge