FILED

DEC 3 0 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMIRA KAADY, Personal Representative
of the ESTATE OF FOUAD KAADY, et al.,

CV. 06-1269-PK

OPINION AND ORDER

                    Plaintiffs,

v.

CLACKAMAS COUNTY, et al.,

                    Defendants.

_____

PAPAK, Magistrate Judge:

This is an action for money damages brought by the parents and estate of Fouad Kaady
under 42 U.S.C. § 1983 and Oregon law against a law enforcement officer who shot and killed
Fouad Kaady and against Clackamas County, who employed that officer. Plaintiffs' Motion to
Allow Rebuttal Expert on Excited Delirium (#209) is now before the court. Plaintiffs' motion is
granted subject to the conditions set forth below.

**BACKGROUND**

OPINION AND ORDER -- PAGE 1

This case initially involved another officer, William Bergin and his employer, the City of Sandy, in addition to David Willard and Clackamas County. The court ordered that plaintiffs' expert witness statements were due in July 2008 and defendants' were due the following month. The court later changed those deadlines to October 2008 for plaintiffs and December 2008 for the defendants.

On November 26, 2008, the court ruled on defendants' motions for summary judgment. The court partially granted the individual officers' motions for summary judgment, finding that Bergin was not entitled to qualified immunity on the Fourth Amendment claim arising out of his use of a Taser, that Willard was entitled to qualified immunity for his Taser use, and that questions of fact remained regarding the Fourth Amendment deadly force claim against both officers. *Kaady v. City of Sandy*, No. 06-269, 2008 U.S. Dist. LEXIS 96626, at *66-72 (D. Or. Nov. 26, 2008). The court also partially granted the City of Sandy and Clackamas County motions for summary judgment, finding that they were entitled to summary judgment on the 42 U.S.C. § 1983 claims but that questions of fact remained regarding the state law wrongful death claim.

Following the court's ruling on summary judgment, defendants timely disclosed their experts on December 1, 2008, including an expert on excited delirium  Two weeks later, William Bergin filed an interlocutory appeal. Plaintiffs filed a motion to certify the appeal as frivolous. The court denied the motion on January 20, 2009 and stayed proceedings pending the outcome of the appeal.

In early June 2009, Bergin voluntarily dismissed his appeal. In mid-June, plaintiffs settled with Bergin and the City of Sandy. Plaintiffs then filed a motion to lift this court's stay of

OPINION AND ORDER – PAGE 2

proceedings. After a status conference on June 30, 2009, the court lifted the stay and set the matter for trial in April 2010.

In July 2009, defendants filed a motion for leave to depose plaintiffs' expert witnesses. In resisting that motion, the plaintiffs indicated that they intended to depose defendants' experts and to move to allow Dr. Vincent DiMaio as rebuttal expert on excited delirium  The court granted defendants' request to conduct limited depositions of two of plaintiffs' experts. In addition, because the defendants had indicated that they intended to rely on the experts disclosed by Bergin and the City of Sandy, the court also ordered the defendants to clarify the experts that they intended to have testify at trial. Defendants complied and designated their experts by the September 29, 2009 court-ordered deadline.

Plaintiffs' counsel contacted defense counsel on October 26, 2009, indicating the desire to designate a rebuttal expert witness on excited delirium. Plaintiffs, however, did not formally designate a rebuttal expert and did not file their motion to designate a rebuttal expert until November 30, 2009. Plaintiffs now seek permission to designate Dr. DiMaio as a rebuttal expert on excited delerium.

### LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(A) provides that a party must disclose to the other parties the identity of any expert witness it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). In the absence of a court order, a party must disclose rebuttal experts within thirty days after the other party discloses its experts. Fed. R. Civ. P. 26(a)(2)(C). Moreover, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit gives district courts "particularly wide latitude" in exercising their discretion to issue sanctions under Rule 37(c)(1). *Id.* "The burden is on the party facing sanctions to prove harmlessness." *Id.*

DISCUSSION

Plaintiffs seek to designate a rebuttal expert on excited delirium on the basis that defendants designated three experts with opinions on excited delirium in September 2009.[1] Plaintiffs brought their motion on November 24, more than thirty days after the defendants' disclosure. Plaintiffs argue, somewhat contrary to the purpose of their motion, that excited delirium is not relevant to this case and that they will move to exclude the defendants' excited delirium testimony on that basis. They further indicate, however, that their rebuttal expert will testify that excited delirium is not a factor. Finally, plaintiffs assert that their late disclosure is harmless because the rebuttal expert can have his report ready in two to three weeks, the defendants can depose the expert, and trial remains four months away.

Defendants respond that plaintiffs' failure to timely disclose their rebuttal expert is neither substantially justified nor harmless. In support of their argument, defendants note that plaintiffs knew that defendants intended to introduce expert testimony on excited delirium as early as December 2008 but failed to designate a rebuttal expert until now. In addition, defendants argue that plaintiffs' late designation will cause them prejudice because trial is four months away.

As noted above, a party may not use testimony from an expert that the party failed to

---

1   In addition to plaintiffs' current motion, plaintiff indicates that she intends to file a motion to depose the three excited delirium experts and to limit defendants to one expert on excited delirium  Those motions, however, are not before the court at this time.

OPINION AND ORDER – PAGE 4

disclose "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Disruption to the court's schedule is not harmless. *Wong v. Regents of the Univ. of Cal.*, 410

F.3d 1052, 1062 (9th Cir. 2005). Courts also consider the following factors in order to determine

if sanctions under Rule 37(c)(1) for failure to disclose an expert are appropriate: "1) the public's

interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk

of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits;

5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir.

1997).

     Here, I find that sanctions are appropriate under Rule 37(c)(1). Plaintiffs have failed to

establish that their failure to timely designate a rebuttal expert is substantially justified.

Defendants disclosed their excited delirium experts in December 2008, plaintiffs knew by July

2009 that they intended to designate Dr. DiMaio as a rebuttal expert, and plaintiffs did not bring

this motion until two months after defendants confirmed their experts. Moreover, plaintiffs

failure to designate is not harmless in light of the upcoming trial date.

     However, I find that it is unduly harsh to entirely exclude the rebuttal expert testimony.

Although the public's interest in expeditious resolution of litigation and the court's need to

manage its docket weigh in favor of excluding the testimony, the remaining three *Wendt* factors

weigh against exclusion. The public policy favoring disposition of cases on their merits weighs

in favor of allowing the jury to hear all the relevant evidence. In addition, and most importantly,

I find that less drastic sanctions are available and substantially reduce the risk of prejudice to the

defendants. *See AZ Holding, L.L.C. v. Frederick*, No. 08-0276, 2009 U.S. Dist. LEXIS 74515, at

*17-18 (D. Ariz. Aug. 10, 2009) (denying motion to preclude expert testimony in favor of lesser

OPINION AND ORDER – PAGE 5

sanctions).

I accordingly impose the following conditions on plaintiffs' designation of Dr. DiMaio as an expert rebuttal witness. First, I preclude plaintiffs' use of Dr. DiMaio's testimony in any capacity other than as a rebuttal witness (and, potentially, as a Daubert witness), meaning that he may not testify at trial unless defendants' excited delirium experts testify. Second, plaintiffs may only use Dr. DiMaio's testimony if they disclose his expert report by January 8, 2010. Third, plaintiffs must allow defendants to depose Dr. DiMaio before February 1, 2010, unless the defendants seek a later date. Finally, plaintiffs must bear the cost of Dr. DiMaio fees for his time spent in the deposition.

## CONCLUSION

Plaintiffs' Motion to Allow Rebuttal Expert on Excited Delirium (#209) is granted subject to the following conditions: 1) plaintiffs' may not use Dr. DiMaio's testimony in any capacity other than as a rebuttal witness; 2) plaintiff may only use Dr. DiMaio's testimony if they disclose his expert report by January 8, 2010; 3) plaintiffs must allow defendants to depose Dr. DiMaio before February 1, 2010, unless the defendants seek a later date; and 4) plaintiffs must bear the cost of Dr. DiMaio's fees for his time spent in the deposition.

IT IS SO ORDERED.

Dated this 30th day of December, 2009.

Honorable Paul Papak
United States Magistrate Judge

OPINION AND ORDER – PAGE 6